**ALD-046**                                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1243
_____

NORA ISABEL MONTOYA-AGUILAR,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-119-745)
Immigration Judge:  Honorable Jeffrey L. Romig
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 9, 2017

Before: MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: March 1, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nora Isabel Montoya-Aguilar petitions for review of the Agency's decision denying her application for asylum. The Government has filed a motion for summary action. We will grant the Government's motion and will deny the petition for review.

Montoya-Aguilar is a citizen of El Salvador who first entered the United States in in 2004. She returned to El Salvador after an Immigration Judge ("IJ") ordered her removal to that country. Montoya-Aguilar later returned to the United States, this time with her minor daughter. The Government reinstated her previous order of removal and placed her in a "withholding only" proceeding pursuant to 8 C.F.R. §§ 1208.31(e) and 1241.8(e), in which she could apply for withholding of removal but was ineligible for asylum. The Government also served Montoya-Aguilar with a notice to appear charging her daughter as removable. Ultimately, an IJ granted Montoya-Aguilar withholding of removal and granted her daughter asylum. Montoya-Aguilar argued that she was eligible for asylum as well, but the IJ concluded that she was ineligible under the regulations referenced above.

The Government appealed the IJ's grant of withholding for Montoya-Aguilar, and she appealed the IJ's denial of asylum. The Board of Immigration Appeals ("BIA") dismissed both appeals on the merits. As to Montoya-Aguilar, the BIA agreed with the IJ that the regulations referenced above rendered her ineligible for asylum.

Montoya-Aguilar petitions for review. Her sole challenge is to the BIA's reliance on the regulations in deeming her ineligible for asylum. She argues that those regulations are inconsistent with the statute that provides for eligibility for asylum, 8 U.S.C. §

2

1158(a). When Montoya-Aguilar filed her brief, that issue was under consideration in Cazun v. Attorney General, C.A. No. 15-3374. Thus, the Government moved to hold this petition in abeyance pending our decision in Cazun, and we granted that motion.

The Court has since decided that case. See Cazun v. Att'y Gen., 856 F.3d 249 (3d Cir. 2017). In Cazun, we held that the regulations Montoya-Aguilar challenges as inconsistent with § 1158(a) are reasonable interpretations of the relevant statutory scheme, including § 1158(a) and 8 U.S.C. § 1231(a)(5), and are entitled to deference under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See Cazun, 856 F.3d at 259-60. Thus, we rejected petitioner Cazun's challenge to the BIA's reliance on the regulations in that case and denied his petition for review.[1]

After we decided Cazun, the Government filed a motion for summary action in this case arguing that Cazun is controlling and requires that we deny Montoya-Aguilar's petition for review as well. We agree. Cazun squarely rejects the sole issues and arguments that Montoya-Aguilar has presented on review, and she has not filed a response to the Government's motion to argue otherwise. See Mendoza-Ordonez, 869 F.3d 164, 168 & n.11 (3d Cir. 2017) (applying Cazun in rejecting an identical challenge).

---

[1] Although not strictly relevant to our analysis, we note the factual similarity between this case and Cazun. Both cases involved mothers who returned to the United States with a minor child and, in both cases, the Agency granted withholding to the mother and asylum to the child. In Cazun, we discussed the practical differences between those forms of

Thus, we will grant the Government's motion for summary action and will deny the petition for review.

---

relief.  See Cazun, 856 F.3d at 252 n.3.